```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
MOHAMAD AHMAD,                                                     :
                                                                   :
                              Plaintiff,                           :
                                                                   :
             -v-                                                   :   24 Civ. 6926 (JPC)
                                                                   :
                                                                   :       ORDER
RIVER POINT TOWERS COOPERATIVE, INC., et al.                       :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Mohamad Ahmad brings this action against Defendants River Point Towers Cooperative, Inc. ("RPT"), Vanessa Ortiz, Ilana Serot, Albert Burgunder, Ari Steinberg, Carl Reinlib, and Martin Sandler, pleading violations of 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL") arising from Defendants' allegedly discriminatory conduct. Dkt. 1. On December 17, 2024, RPT, Ortiz, Serot, Burgunder, Steinberg, and Reinlib (the "Moving Defendants")—*i.e.*, all Defendants except Sandler—moved to dismiss Ahmad's Complaint as against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkts. 39-41.

On August 4, 2025, the Court dismissed Ahmad's Section 1981 claim as against the Moving Defendants and held the remainder of their motion in abeyance. *See Ahmad v. River Point Towers Coop., Inc.*, No. 24 Civ. 6926 (JPC), 2025 WL 2207758, at *1 (S.D.N.Y. Aug. 4, 2025). In that Opinion and Order, the Court noted that the "grounds for dismissal [of the Section 1981 claim] appear to apply equally to Sandler," and thus "put[] Ahmad on notice of its intent to *sua sponte* dismiss his Section 1981 claim against Sandler as well." *Id.* The Court ordered Ahmad, by August 18, 2025, to "(1) show cause why dismissal of his Section 1981 claim against Sandler

is not also appropriate given the analysis in [the August 4] Opinion and Order and (2) advance any further arguments as to whether the Court should exercise supplemental jurisdiction over his state-law claims as such arguments pertain to Sandler." *Id.* at *6. That deadline has passed, and the docket does not reflect any response from Ahmad. Therefore, for the reasons set forth in the Court's August 4, 2025 Opinion and Order, the Court dismisses Ahmad's Section 1981 claim as against Sandler. Ahmad has not identified, and the Court cannot discern, any basis for treating his claim against Sandler any differently than his claims against the Moving Defendants.

Having dismissed Ahmad's sole federal claim as to all Defendants, the Court declines to exercise supplemental jurisdiction over Ahmad's remaining claim under the NYCHRL. *See Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 102-03 (2d Cir. 1998) ("The governing statute, 28 U.S.C. § 1367(c)(3), permits a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims."). "It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006). This case is no exception: Ahmad's lone federal cause of action has been dismissed for failure to state a claim, the litigation is still at its very early stages, and no exceptional circumstances are present that justify a departure from the principle that the dismissal of all federal causes of action from a complaint "will usually result in the dismissal of the state-law claims." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because this is the first time that the Court has ruled on the plausibility of Ahmad's pleading and because Ahmad may be able to

cure the pleading defects identified in the August 4, 2025 Opinion and Order, the Court *sua sponte* grants Ahmad leave to amend. *See Khodeir v. Sayyed*, 323 F.R.D. 193, 197 (S.D.N.Y. 2017) ("[A] court has the discretion to grant leave to amend *sua sponte* even when the amending party has not moved for leave to amend the pleading." (internal quotation marks omitted)). Ahmad, however, should only file an amended pleading if he believes in good faith that he can correct the deficiencies identified by the Court.

Accordingly, the Court grants the remainder of the Moving Defendants' motion and dismisses the Complaint in its entirety without prejudice to filing an amended complaint. Any amended complaint must be filed within twenty-one days of this Opinion and Order. Ahmad is cautioned that, absent a timely request for an extension, the failure to file an amended complaint by that deadline will result in the dismissal with prejudice of his Section 1981 claim against all Defendants and dismissal without prejudice of his NYCHRL claim against Defendants, at which point the Court will direct the Clerk of Court to enter judgment in Defendants' favor and to close the case.

SO ORDERED.

Dated: August 20, 2025
      New York, New York

                                            JOHN P. CRONAN
                                      United States District Judge