# TRAUB LIEBERMAN

445 Hamilton Avenue  |  Suite 900  |  White Plains, NY 10601

DIRECT (914) 586-7037  |  MAIN (914) 347-2600  |  FAX (914) 347-7037

Gregory R. Bennett  |  Partner  |  gbennett@tlsslaw.com

May 29, 2026

*Via ECF Only*
The Honorable John P. Cronan
U.S. District Court, S.D.N.Y.
500 Pearl Street, Room 1320
New York, New York 10007

> Re:  *Ahmad v. River Point Towers Cooperative, Inc., et al.*
>  Civil Action No.: 1:24-cv-06926 (JPC)

Dear Judge Cronan:

We represent Defendants River Point Towers Cooperative, Inc., Vanessa Ortiz, Albert Burgunder, Ari Steinberg, Ilana Serot and Carl Reinlib ("Defendants") in the captioned action. We write to follow-up on issues discussed with the Court during the May 22, 2026 teleconference.

It is Defendants' understanding that the Court has determined that adjudicating their pending dismissal motion may be inappropriate or improper under Fed. R. Civ. P. 12(b)(6) due to the existence of relevant factual issues. In light of that determination, the Court has proposed that Defendants withdraw their pending dismissal motion, without prejudice to renewing it and/or the same motion under Fed. R. Civ. P. 12(d) and/or 56, following the parties' completion of a narrowed form of paper discovery as to (a) issues relevant to those arguments Defendants have asserted in support of dismissal of the Plaintiff's claim under 42 U.S.C. §1981, and (b) Plaintiff's newly-introduced assertion that he intends to rely upon the contract between him and RPT with respect to his ownership of shares allocated to the cooperative unit he resides in.[1] Defendants further understand that depositions will not be part of this contemplated form of narrowed discovery.

Provided the above is an accurate characterizion of what the Court envisions, they consent to proceeding in that manner.

---

[1] Defendants have never interpreted the allegations in the operative Complaint as basing the §1981 claim on the contract described in subpart (b). Unless Plaintiff advises to the contrary or formally amends the Complaint, Defendants will engage in the contemplated discovery, and potentially renew their motion, based on counsel's articulation, during the May 22 conference, of the basis for Plaintiff's reliance on such contract.

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT

www.traublieberman.com

The Honorable John P. Cronan
May 29, 2026
Page 2


Please contact me if the Court has any questions.

Respectfully Submitted,

*Gregory R. Bennett*

Gregory R. Bennett

cc:  Dorina Cela, Esq. (via ECF only)


The Court denies without prejudice Defendants' motion to dismiss.  Dkt. 68.  For a period not to exceed sixty days from this Order, the parties should engage in limited paper discovery regarding (1) whether Plaintiff was a party to, or had contractual rights under, the contracts described in Plaintiff's Amended Complaint and (2) Plaintiff's contract with RPT with respect to his ownership of shares allocated to the cooperative unit he resides in.  By August 14, 2026, Defendants may submit motions for summary judgment on these threshold issues.  Oppositions to such motions are due August 24, 2026, and replies are due August 31, 2026.  If the Court denies any initial motions for summary judgment, the parties will proceed with additional discovery and may submit further summary judgment motions at the close of the full discovery period.  The Clerk of Court is respectfully directed to close Dkt. 68.

SO ORDERED

June 1, 2026

JOHN P. CRONAN
United States District Judge